# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VINCENT VICTOR ROGGIO and CALLIE LASCH ROGGIO, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| CITY OF GARDNER, WILLIAM J. GRASMUCK, EDWARD BASENER, HANNAFORD BROTHERS COMPANY, and JOHN DOES ONE through FIVE (representing unknown parties and entities), | ) ) ) ) ) ) ) | Civil Action No. 10-40076-FDS |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER ON PLAINTIFF CALLIE ROGGIO'S SUBMISSION REGARDING AUTHORITY FROM BANKRUPTCY COURT TO PURSUE UNSCHEDULED CLAIMS

**SAYLOR, J.**

This is a civil action involving alleged privacy rights violations. Plaintiffs Victor and Callie Roggio allege that defendants improperly conspired to access and disseminate Mr. Roggio's criminal record from a federal computer database. The named defendants are the City of Gardner, Massachusetts; William J. Grasmuck; Edward Basener; and Hannaford Brothers Company. Plaintiffs have asserted claims under (1) 42 U.S.C. § 1983; (2) the federal Privacy Act, 5 U.S.C. § 552a; (3) the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B; and (4) the Massachusetts Criminal Offender Record Information statute, Mass. Gen. Laws ch. 6, § 172.

Plaintiff Callie Roggio filed for bankruptcy after the claims asserted in this proceeding arose. In her schedule of assets and liabilities in that proceeding, she failed to list those claims.

The bankruptcy case was eventually closed without the trustee ever having been made aware of the claims. Callie Roggio now seeks authority to pursue these claims notwithstanding her failure to include them on the schedule of assets in the bankruptcy proceeding, as required by 11 U.S.C. § 521(a)(1). For the reasons stated below, the Court holds that Mrs. Roggio's claims were not abandoned by the bankruptcy estate by operation of 11 U.S.C. § 554(c) and that she therefore lacks standing to assert them.

I. **Background**

Plaintiffs Victor and Callie Roggio are business owners and residents of Rumson, New Jersey. (Compl. ¶¶ 4, 5). In 1987, Mr. Roggio was convicted on several counts of mail fraud and making false statements in the United States District Court for the Southern District of Florida. (*Id.* ¶ 10). He served seven years in prison for these crimes. (*Id.* ¶¶ 10, 11). From Mr. Roggio's release from prison in 1994 until 2006, he and Mrs. Roggio operated several successful businesses. (*Id.* ¶ 11). In these pursuits, they benefitted from the fact that their business contacts apparently were not aware of Mr. Roggio's criminal record. (*Id.* ¶¶ 13, 16, 25(vii)).

The Roggios allege that, sometime in January 2006, the defendants named in this action engaged in illegal conduct resulting in the revelation of Mr. Roggio's criminal past to various business contacts. (*Id.* ¶¶ 25(i)-(x)). The result of this reputational attack was to "destroy" their business. (*Id.* ¶ 26). Not knowing the identity of any other responsible party, plaintiffs brought suit against the Federal Bureau of Investigation in the United States District Court for the District of New Jersey for its alleged role in releasing Mr. Roggio's criminal records. (*Id.* ¶ 27).

On October 2, 2009, while their action against the FBI was still pending, Mrs. Roggio filed for Chapter 7 bankruptcy in the District of New Jersey. (Mot. to Dismiss as to Callie

Roggio, Ex. A). On her schedule of assets and liabilities in that proceeding, she listed her pending action against the FBI, but did not list any claims against the defendants in this matter. (*See* Needle Decl., Ex. 1). On October 16, 2009, two weeks later, Mr. and Mrs. Roggio learned (through discovery in their action against the FBI) that Mr. Roggio's criminal record had been requested and obtained by the defendants in this case. (*Id.* ¶ 27). Nonetheless, Mrs. Reggio did not amend her schedule of assets in the Chapter 7 proceeding to reflect her potential claims against them. (Mar. 30, 2011 Order at 7). The Bankruptcy Court docket indicates that the debtor was discharged on February 3, 2010, and that the bankruptcy case was closed on July 15, 2010. (Def. Resp., Ex. B).

Plaintiffs filed this action on April 23, 2010. The complaint alleges four counts against all defendants: (1) a claim under 42 U.S.C. § 1983 for an alleged conspiracy to violate plaintiffs' due process and privacy rights; (2) a claim under the federal Privacy Act, 5 U.S.C. § 552a; (3) a claim under the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B; and (4) a claim under the Massachusetts Criminal Offender Record Information ("CORI") statute, Mass. Gen. Laws ch. 6, § 172. They seek compensatory and punitive damages and attorney's fees.

On March 30, 2011, on motions to dismiss filed by the defendants, this Court stayed all claims asserted by Mrs. Roggio. The basis for the stay was that the claims were not included in Mrs. Roggio's schedule of assets in the Chapter 7 proceeding and so were not abandoned by the bankruptcy trustee at the conclusion of that case. *See* 11 U.S.C. § 554(d). Although Mrs. Roggio therefore lacked standing to pursue her claims, the Court stayed the action instead of dismissing it to give her an opportunity to correct her error with the Bankruptcy Court and to

seek authority to pursue the claims herself once they were determined to be abandoned by the estate.

In response to the Court's order, Mrs. Roggio filed an affidavit of Peggy E. Stalford, the former trustee of the bankruptcy estate. Ms. Stalford affirmed that the lawsuit against the FBI had been disclosed in the schedule of assets and that she, as bankruptcy trustee, decided not to pursue the claim. (Stalford Aff. ¶ 3). Ms. Stalford also stated that had the present case "been disclosed among the debtor's assets, [she] would have likewise declined to pursue the claim." (*Id.* ¶ 7). Finally, she proffered that "[e]ven if the debtor's case were reopened for the purpose of scheduling the claims, [she] would not engage counsel to prosecute" them. (*Id.*).

After filing Ms. Stalford's affidavit, Mrs. Roggio filed a submission requesting that this Court lift the stay on her claims. Defendants City of Gardner and Grasmuck filed a response in opposition, arguing that the affidavit and submission do not comply with the March 30 Order because they do not demonstrate "authority from the Bankruptcy Court" to pursue the claims.

## II. <u>Analysis</u>

### A. <u>Plaintiff's Failure to Schedule Claims in the Prior Chapter 7 Proceeding</u>

Bankruptcy proceedings follow a set of rules for the disposition of debtors' legal causes of action that are clear, if occasionally draconian. Under 11 U.S.C. § 541(a)(1), all claims and causes of action of a debtor in bankruptcy that have accrued as of the filing of the bankruptcy case become property of the bankruptcy estate. *See In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 900-01 (1st Cir. 1988); *Welsh v. Quabbin Timber, Inc.*, 199 B.R. 224, 229 (D. Mass. 1996). A debtor seeking shelter under the bankruptcy laws is obligated to disclose *all* assets to the Bankruptcy Court, including contingent claims. 11 U.S.C. § 521(a)(1). Once listed on the

4

schedule of assets, the trustee is responsible for asserting or maintaining the listed claims. *Rare Coin Galleries*, 862 F.2d at 901.

If the trustee chooses not to pursue properly-scheduled claims during the bankruptcy proceeding, the claims may be deemed abandoned at discharge, in which case they revert to the debtor. *See* 11 U.S.C. § 554(c). However, in order for property to be legally abandoned by operation of § 554(c), the debtor must "formally schedule the property" pursuant to § 521(a)(1). *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995). Moreover, "the law is abundantly clear that the burden is on the debtor[] to list the assets and/or amend the[] schedules" to reflect causes of action not included in the original filing. *Id.* If a claim is not properly scheduled prior to the close of the bankruptcy case, it "remains the property of the bankrupt estate, and the debtor loses all rights to enforce it in [her] own name." *Id.* at 186 n.3 (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991)); *see also* 11 U.S.C. § 554(d).

It is undisputed that Mrs. Roggio failed to schedule the claims asserted in this action when she filed her schedule of assets in the Chapter 7 bankruptcy proceeding. This Court has previously ruled that Mrs. Roggio's inclusion of her action against the FBI on the assets schedule could not substitute for scheduling the claims now brought against defendants. The claims therefore remained the property of the bankruptcy estate after the close of those proceedings on February 2, 2010. As a consequence, Mrs. Roggio lacked standing to assert them.

### B. <u>Plaintiff's Lack of Authority from Bankruptcy Court to Pursue Claims</u>

In its prior order, however, the Court granted Mrs. Roggio an opportunity to remedy the procedural defect in her claim by seeking authorization to treat her claims as abandoned by the former estate. The order provided that "[t]he claims of plaintiff Callie Roggio shall be dismissed

5

60 days after the date of this Memorandum and Order for lack of standing unless plaintiff Callie Roggio files appropriate pleadings with this Court demonstrating that she has authority from the Bankruptcy Court to pursue such claims, or unless a bankruptcy trustee, or other authorized representative of her bankruptcy estate, files appropriate pleadings requesting other relief." (Mar. 30, 2011 Order at 18).

The purpose of the order was to permit the Bankruptcy Court to determine whether the claim should be treated as abandoned by operation of 11 U.S.C. § 554(c). In its opinion, the Court observed that "dismissal would be potentially unfair to [Mrs. Roggio's] creditors, who are entitled to apply any proceeds of the claims toward satisfying her debts," and that "the Bankruptcy Court should have an opportunity to determine whether the estate has any interest" in Mrs. Roggio's claims. (*Id.* at 9). The Court thus ordered that the matter would "be stayed for a reasonable period of time so that the Bankruptcy Court can determine whether to reopen the case, and, if so, whether to appoint (or reappoint) a trustee." (*Id.*). Although the order functioned to save Mrs. Roggio's claims from immediate dismissal, it was designed to assist the process mandated by the bankruptcy code, not to negate it.

Mrs. Roggio's submission is not sufficient to prevent dismissal under the Court's prior order. That submission does not indicate any involvement, much less an official ruling, by the Bankruptcy Court. Instead, Mrs. Roggio has obtained an affidavit from the former trustee of her bankruptcy estate, Peggy E. Stalford, who gives assurances that, even if the claims had been scheduled, she would not have pursued them on behalf of the estate. (Decl. of Peggy E. Stalford). These statements are insufficient to save Mrs. Roggio's claims under the terms of the order. Although Ms. Stalford was the bankruptcy trustee, her affidavit was submitted as the

6

statement of a private individual. Accordingly, the affidavit does not demonstrate any "authority from the Bankruptcy Court" with regard to the claims. Nor has a bankruptcy trustee "file[d] appropriate pleadings requesting other relief." Indeed, because the Chapter 7 case is closed and has not been reopened, it cannot be said that Ms. Stalford is an acting trustee of the estate at all. Mrs. Roggio has submitted no evidence that she has sought a reopening, and her affidavit can function neither as an authorization from the Bankruptcy Court nor as a claim by the estate requesting relief. By the terms of this Court's prior order, the action must be dismissed.

It is worth adding that this Court has no authority to entertain plaintiff's claims absent the involvement of the Bankruptcy Court. Each of the four circumstances under which 11 U.S.C. § 554 allows property of the estate to be considered abandoned involves participation of the Bankruptcy Court either through a hearing or through its supervision of an active case.[1] Absent some comparable involvement of the Bankruptcy Court itself, this Court cannot presume that property that was not properly scheduled in a now-closed Chapter 7 proceeding has been abandoned by the estate.

---

[1] Those four circumstances are:

(a) *After notice and a hearing*, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and *after notice and a hearing*, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) *Unless the court orders otherwise*, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) *Unless the court orders otherwise*, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554 (emphasis added).

What caselaw is available bolsters this conclusion. In *Stanley v. Sherwin-Williams Co.*, the court held that the affidavit of a former bankruptcy trustee stating that the trustee had actual knowledge of an unscheduled legal claim during the bankruptcy proceeding and had determined not to pursue it was not sufficient to establish abandonment under § 554. 156 B.R. 25, 26 (W.D. Va. 1993). In support of its strict reading of § 554, the *Stanley* court explained that the section was adopted to add clarity and certainty to abandonment issues by precluding litigation over "difficult questions of fact" relating to trustees' intent. *Id.* (citing 4 COLLIER ON BANKRUPTCY ¶ 554.01 (Lawrence P. King et al. eds., 15th ed. 1993)) (noting that "[i]t would be neither desirable nor consistent with § 554 to resolve abandonment questions by returning to the uncertain practice of attempting to determine the trustee's intentions"). The same reasoning applies in this case. In *Stanley*, the court determined that an affidavit asserting the trustee's actual knowledge of a claim at the time of the proceeding and the intent nonetheless to abandon it was an inadequate substitute for proper scheduling. Mrs. Stalford's affidavit, which merely states hypothetically what she would have done if she had known of Mrs. Roggio's claims while administering the estate, is likewise insufficient.

Because Mrs. Roggio has not demonstrated authority from a Bankruptcy Court to pursue her unscheduled claims, she lacks standing to assert them here. *Jeffrey*, 70 F.3d at 186 n.3. Pursuant to this Court's prior order, the claims will therefore be dismissed.

### III. Conclusion

For the foregoing reasons, the claims of plaintiff Callie Roggio are DISMISSED for lack of standing.

**So Ordered.**

Dated: September 16, 2011                    /s/ F. Dennis Saylor
                                             F. Dennis Saylor IV
                                             United States District Judge