UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VINCENT VICTOR ROGGIO and<br>CALLIE LASCH ROGGIO,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF GARDNER, WILLIAM J.<br>GRASMUCK, EDWARD BASENER,<br>HANNAFORD BROTHERS<br>COMPANY, and JOHN DOES<br>ONE through FIVE (representing<br>unknown parties and entities),<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>10-40076-FDS |

### MEMORANDUM AND ORDER ON PLAINTIFF CALLIE ROGGIO'S MOTION THAT DISMISSAL OF HER CLAIMS BE WITHOUT PREJUDICE

**SAYLOR, J.**

This is a civil action involving alleged privacy rights violations. Plaintiffs Victor and Callie Roggio allege that defendants improperly conspired to access and disseminate Mr. Roggio's criminal record from a federal computer database. The named defendants are the City of Gardner, Massachusetts; William J. Grasmuck; Edward Basener; and Hannaford Brothers Company. Plaintiffs have asserted claims under (1) 42 U.S.C. § 1983; (2) the federal Privacy Act, 5 U.S.C. § 552a; (3) the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B; and (4) the Massachusetts Criminal Offender Record Information statute, Mass. Gen. Laws ch. 6, § 172.

Plaintiff Callie Roggio filed for bankruptcy after the claims asserted in this proceeding arose. In her schedule of assets and liabilities in that proceeding, she failed to list those claims.

The bankruptcy case was eventually closed without the trustee ever having been made aware of the claims, as required by 11 U.S.C. § 521(a)(1). This Court ordered those claims to be dismissed after Mrs. Roggio failed to demonstrate that the claims were not part of the bankruptcy estate and that she had standing to assert them.

Callie Roggio now moves that the dismissal of her claims be without prejudice. For the reasons stated below, the Court will deny the motion.

## I.  Background

Plaintiffs Victor and Callie Roggio are business owners and residents of Rumson, New Jersey. (Compl. ¶¶ 4, 5). In 1987, Mr. Roggio was convicted on several counts of mail fraud and making false statements in the United States District Court for the Southern District of Florida. (*Id.* ¶ 10). He served seven years in prison for these crimes. (*Id.* ¶¶ 10, 11). From Mr. Roggio's release from prison in 1994 until 2006, he and Mrs. Roggio operated several successful businesses. (*Id.* ¶ 11). In these pursuits, they benefitted from the fact that their business contacts apparently were not aware of Mr. Roggio's criminal record. (*Id.* ¶¶ 13, 16, 25(vii)).

The Roggios allege that, sometime in January 2006, the defendants named in this action engaged in illegal conduct resulting in the revelation of Mr. Roggio's criminal past to various business contacts. (*Id.* ¶¶ 25(i)-(x)). The result of this reputational attack was to "destroy" their business. (*Id.* ¶ 26). Not knowing the identity of any other responsible party, plaintiffs brought suit against the Federal Bureau of Investigation in the United States District Court for the District of New Jersey for its alleged role in releasing Mr. Roggio's criminal records. (*Id.* ¶ 27).

On October 2, 2009, while their action against the FBI was still pending, Mrs. Roggio filed for Chapter 7 bankruptcy in the District of New Jersey. (Mot. to Dismiss as to Callie

2

Roggio, Ex. A). On her schedule of assets and liabilities in that proceeding, she listed her pending action against the FBI, but did not list any claims against the defendants in this matter. (*See* Needle Decl., Ex. 1). On October 16, 2009, two weeks later, Mr. and Mrs. Roggio learned (through discovery in their action against the FBI) that Mr. Roggio's criminal record had been requested and obtained by the defendants in this case. (*Id.* ¶ 27). Nonetheless, Mrs. Roggio did not amend her schedule of assets in the Chapter 7 proceeding to reflect her potential claims against them. (Mar. 30, 2011 Order at 7). The Bankruptcy Court docket indicates that the debtor was discharged on February 3, 2010, and that the bankruptcy case was closed on July 15, 2010. (Def. Resp., Ex. B).

Plaintiffs filed this action on April 23, 2010. The complaint alleges four counts against all defendants: (1) a claim under 42 U.S.C. § 1983 for an alleged conspiracy to violate plaintiffs' due process and privacy rights; (2) a claim under the federal Privacy Act, 5 U.S.C. § 552a; (3) a claim under the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B; and (4) a claim under the Massachusetts Criminal Offender Record Information ("CORI") statute, Mass. Gen. Laws ch. 6, § 172. They seek compensatory and punitive damages and attorney's fees.

On March 30, 2011, on motions to dismiss filed by the defendants, this Court stayed all claims asserted by Mrs. Roggio. The basis for the stay was that the claims were not included in Mrs. Roggio's schedule of assets in the Chapter 7 proceeding and so were not abandoned by the bankruptcy trustee at the conclusion of that case. *See* 11 U.S.C. § 554(d). Although Mrs. Roggio therefore lacked standing to pursue her claims, the Court stayed the action instead of dismissing it to give her an opportunity to correct her error with the Bankruptcy Court and to

seek authority to pursue the claims herself once they were determined to be abandoned by the estate.

In response to the Court's order, Mrs. Roggio filed an affidavit of Peggy E. Stalford, the former trustee of the bankruptcy estate. Ms. Stalford affirmed that the lawsuit against the FBI had been disclosed in the schedule of assets and that she, as bankruptcy trustee, decided not to pursue the claim. (Stalford Aff. ¶ 3). Ms. Stalford also stated that had the present case "been disclosed among the debtor's assets, [she] would have likewise declined to pursue the claim." (*Id.* ¶ 7). Finally, she proffered that "[e]ven if the debtor's case were reopened for the purpose of scheduling the claims, [she] would not engage counsel to prosecute" them. (*Id.*).

After filing Ms. Stalford's affidavit, Mrs. Roggio filed a submission requesting that this Court lift the stay on her claims. Defendants City of Gardner and Grasmuck filed a response in opposition, arguing that the affidavit and submission do not comply with the March 30 order because they do not demonstrate "authority from the Bankruptcy Court" to pursue the claims. On September 16, 2011, this Court issued an order holding that the affidavit and submission were insufficient to demonstrate that the claims had been abandoned by the bankruptcy estate to Mrs. Roggio, and her claims were dismissed for lack of standing.

On September 26, 2011, Mrs. Roggio filed a motion that the dismissal of her claims for lack of standing be without prejudice.

## II. Analysis

Plaintiff Callie Roggio asks that the dismissal of her claims be without prejudice and argues that she has acted in good faith throughout these proceedings. Mrs. Roggio contends that there is no evidence she attempted to mislead the trustee or conceal information in her bankruptcy

filing, and she sought to comply with this Court's March 30 order by obtaining an affidavit from the former trustee.

Defendants contend that Mrs. Roggio has repeatedly failed to attempt to reopen the case, and allowing the case to continue would cause them undue expense and prejudice. Defendants also note that their original motion to dismiss argued for the application of judicial and equitable estoppel based on Mrs. Roggio's actions at the time.

Dismissal based on the doctrine of judicial estoppel is not appropriate at this stage. Judicial estoppel requires that a party assert different positions that are directly inconsistent or mutually exclusive, and that the party must have succeeded in getting a court to accept its prior position. *See Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004). The purpose of judicial estoppel is to prevent abuse of judicial proceedings. *See Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570, 571 (1st Cir. 1993). Application of judicial estoppel is within the discretion of the district court. *See Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010). While Mrs. Roggio has arguably met the elements for judicial estoppel by failing to schedule her claims in her bankruptcy petition and asserting them here, in the absence of any discovery or other development of the factual record, it is premature to assess such a claim.

Nonetheless, Mrs. Roggio's motion that dismissal be without prejudice will be denied. A debtor must identify all assets, including contingent claims, in a bankruptcy petition, and must amend the relevant schedules if necessary. 11 U.S.C. § 521(a)(1); *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995). Mrs. Roggio learned of the present claims no later than two weeks after the filing of the bankruptcy petition, but failed to list the claims or amend her schedules. Mrs.

Roggio was certainly put on notice that the claims had not been properly scheduled when defendants filed their motion to dismiss on June 29, 2010, but again failed to seek to reopen the bankruptcy proceeding.  Finally, March 30, 2011, this Court issued an order permitting Mrs. Roggio to seek authority from the Bankruptcy Court to pursue the claims.  Again, she failed even to attempt to reopen the bankruptcy proceeding.  Thus, despite having multiple opportunities to properly schedule her claims, Mrs. Roggio has not done so.

Any legal system has to operate by a series of rules, to promote the just and orderly handling of matters and to reduce unnecessary expense and delay.  Mrs. Roggio broke the rules of the Bankruptcy Court when she failed to list her claims as an asset.  She was given opportunities to revisit the matter and set it right, but failed to do so.  At some point, enough is enough.

### III.    Conclusion

For the foregoing reasons, plaintiff Callie Roggio's motion that dismissal be without prejudice is DENIED.

**So Ordered.**

Dated:  December 8, 2011

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge