UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT VICTOR ROGGIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM J. GRASMUCK and ) | Civil Action No. |
| EDWARD BASENER, ) | 10-40076-FDS |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFF'S MOTION TO REVISE AND SUPPLEMENT JOINT PRETRIAL MEMORANDUM

**SAYLOR, J.**

This is a civil action involving alleged privacy rights violations. Plaintiff Victor Roggio alleges that defendants improperly conspired to access and disseminate his criminal record from a federal computer database. The remaining defendants are William J. Grasmuck and Edward Basener. Plaintiff has asserted claims under (1) 42 U.S.C. § 1983; (2) the federal Privacy Act, 5 U.S.C. § 552a; (3) the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B; and (4) the Massachusetts Criminal Offender Record Information statute, Mass. Gen. Laws ch. 6, § 172.

In substance, plaintiff has moved to revise and supplement the Joint Pretrial Memorandum in three ways: (1) to "clarify" the damages he seeks at trial; (2) to add five witnesses, and (3) to add three documents. He seeks in part to withdraw certain claims (his damages based on harm to Gibraltar Granite Company) and one exhibit (documents relating to his loan to Gibraltar Granite), which defendant does not appear to dispute.

**I.     Damages Sought**

Roggio seeks to revise "his damages related to a prosecutorial investigation in New Jersey to make plain that those damages are not based on a grand jury investigation." (Mot. at 2). The original pretrial memorandum stated that because of the unlawful dissemination of his criminal record, "[a] prosecutor presented a fraud claim against Roggio to the grand jury based on what had been contained in the website. The jury did not return an indictment but Roggio suffered substantial emotional distress as a result, having been informed of the investigation and the grand jury presentment, and this revived in him the horrible memories of his prison experience from his mail fraud conviction 20 years earlier." (JPM at 7). The proposed revised version would state, "[a] prosecutor investigated a fraud claim against Roggio. . . . Roggio . . . also suffered emotional distress." (Mot. Ex. A at 6).

As defendant Grasmuck notes, neither the complaint, plaintiff's initial disclosures, nor his answers to interrogatories allege or refer to the existence of a grand jury or prosecutorial investigation. The parties dispute when it was first raised; plaintiff contends that he raised the issue in discovery, including his deposition, and defendant Grasmuck contends that it was raised for the first time by plaintiff in opposition to defendants' motion for summary judgment. While it is by no means clear that plaintiff has strictly complied with his disclosure obligations, the proposed change, and any resulting prejudice, is nonetheless relatively minor and will be permitted. Counsel for defendants may, presumably, cross-examine Roggio about any inconsistencies or changes over time in his claimed damages.

Roggio further seeks to "clarify" that "he will seek damages related to his emotional distress resulting from the unlawful access and dissemination of his CORI information generally,

not solely relating to the prosecutorial investigation . . . ."  The original pretrial memorandum stated, as noted above, that he suffered "substantial emotional distress" as a result of the grand jury investigation.  (JPM at 7).  The proposed revised version includes an entirely new paragraph concerning emotional distress, and states that it occurred "[a]s a result of Defendants' unlawful access and dissemination" of his CORI information.  (Mot. Ex. A at 7).

As defendant Grasmuck notes, neither plaintiff's initial disclosures nor his answers to interrogatories identify generalized emotional distress (that is, distress arising from the unauthorized disclosure of CORI information, as opposed to distress arising from the investigation) as an item of damages.  Neither has been supplemented.  He did not identify emotional distress as an item of damages in his deposition.  The initial joint pretrial memorandum identified emotional distress damages, but only those occurring as a result of the investigation.  Under the circumstances, it would be unfair to permit plaintiff to add a substantial category of damages on the eve of trial, not previously disclosed.   To that extent, therefore, the change will not be allowed.

## II. Witnesses

Plaintiff seeks to add five witnesses, two of whom are keeper of the records (of the FBI and Hannaford Bros. Co.).  Without ruling on the admissibility of any underlying records, plaintiff will be permitted to add those two witnesses to the joint pretrial memorandum.

Plaintiff seeks to add Robert Rudge, who was identified as a potential witness in plaintiff's initial disclosures.  While plaintiff has offered no reason for the omission of his name from the initial joint pretrial memorandum, under the circumstances the Court will nonetheless permit the amendment.  The Court takes no position on the admissibility of any of his testimony.

Plaintiff also seeks to add Craig Lussier, who was apparently disclosed in answers to interrogatories propounded by another defendant, and whose deposition transcript (from the New Jersey case) was apparently produced to defendants.  Again, while plaintiff has offered no reason for the omission of his name from the initial joint pretrial memorandum, under the circumstances the Court will nonetheless permit the amendment.  Again, the Court takes no position on the admissibility of any of his testimony.

Plaintiff also seeks to add Susan Tempsick.  Her name was not listed in the initial disclosures, nor does she appear to have been named as a witness in response to any interrogatory.  Plaintiff contends only that defendant has "known about" her "throughout this litigation," and that her deposition in the New Jersey matter was previously produced to defendant. (Reply Mem. at 5).  Again, plaintiff has offered no reason for the omission of her name from the initial joint pretrial memorandum.  It is also unclear what relevance her testimony may have to any of plaintiff's claims.  Under the circumstances, the Court will defer ruling on whether she may be called as a witness in this matter.

**III.     Exhibits**

Plaintiff seeks to add three exhibits: (1) an order to seal from the federal court in New Jersey, (2) a video of defendant Grasmuck's deposition from 2010, and (3) the transcript of that deposition.  The admissibility of the order to seal is doubtful, among other things because plaintiff seeks to admit it for the truth of statements contained therein.  Nonetheless, the Court will permit its addition to the joint pretrial memorandum, and will not make a final ruling on its admissibility at this time.  As to the video and transcript, which presumably include Grasmuck's own statements, defendant's principal objection is that it had not been produced to him as of the

time of the filing of the opposition.  Based on the representation that the items were produced on approximately August 19, 2013, the Court will permit their addition to the joint pretrial memorandum.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  September 13, 2013 | United States District Judge |